Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| FÉLIX RODRÍGUEZ MARTÍNEZ<br><br>Parte Apelante<br><br>v.<br><br>HENRY MICHAEL PÁEZ Y OTROS<br><br>Parte Apelada | TA2026AP00042 | Apelación Procedente del Tribunal de Primera Instancia, Sala Municipal de Caguas<br><br>Civil Núm.: CG2025CV02110<br><br>Sobre: Sentencia Declaratoria y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2026.

Comparece ante *nos*, el Sr. Félix Rodríguez Martínez (Rodríguez Martínez o apelante) y nos solicita que revisemos la *Sentencia* emitida el 12 de diciembre de 2025 por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Caguas. Mediante dicho dictamen, el foro primario desestimó sin perjuicio la *Demanda* de epígrafe.

Por los fundamentos que expondremos a continuación, *confirmamos* el dictamen apelado.

**I.**

Surge del expediente ante nuestra consideración que, el 19 de junio de 2025, Rodríguez Martínez incoó una *Demanda* sobre sentencia declaratoria, daños y perjuicios, servidumbre, entre otros, contra el Sr. Henry Michael Páez, los esposos José Flores Nieves e Ivette Robles Morales y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, demandados o apelados), así como contra la Sra. Evelyn Landrúa Padró (Landrúa Padró).

Según las alegaciones, Rodríguez Martínez era dueño, en pleno dominio y a título privativo, de la Parcela Núm. 8 de la Urbanización Villas de Guavate en Cayey, Puerto Rico, mientras que los demandados eran dueños, en pleno dominio y en común proindiviso, de la Parcela Núm. 9, también ubicada en la misma localidad. Expuso que ambas parcelas radican una frente a la otra, separadas en parte por el camino municipal denominado Camino Los Bambúes, una vía asfaltada de acceso peatonal y vehicular que corre de sur a norte a lo largo de la urbanización y que provee acceso a todas las parcelas que la componen.

Manifestó que, desde la segregación de los lotes de terreno que integran la urbanización, la Parcela Núm. 8 ha colindado por el norte con el Camino los Bambúes y ha tenido acceso libre y continuo a este. No obstante, alegó que, en un momento determinado, dicho acceso fue obstruido por un portón colocado por los codemandados, los esposos José Flores Nieves e Ivette Robles Morales. Por tal razón, solicitó, *inter alia*, al foro primario que ordenara la remoción del portón, que se le indemnizara por los daños sufridos como consecuencia de las actuaciones de los demandados y que se les condenara al pago de honorarios de abogado.

El 20 de junio de 2025, la Secretaría del Tribunal expidió los emplazamientos dirigidos al Sr. Henry Michael Páez; al Sr. José Flores Nieves, por sí y en representación de la Sociedad Legal de Bienes Gananciales; a la Sra. Ivette Robles Morales, por sí y en representación de la Sociedad Legal de Bienes Gananciales; y al Municipio Autónomo de Cayey.

Posteriormente, el 18 de julio de 2025, Rodríguez Martínez presentó una *Moción Informativa* [...] mediante la cual indicó haber diligenciado el emplazamiento a los demandados antes mencionados.

Tras varias incidencias procesales, el 1 de septiembre de 2025, Rodríguez Martínez presentó una *Moción Informativa*, en la que comunicó haber remitido sus contestaciones al interrogatorio y a la solicitud de documentos cursado por los demandados. A su vez, notificó que envió al Sr. Henry Michael Páez un primer pliego de interrogatorios y solicitud de producción de documentos. Indicó que, entre otras cosas, solicitó la dirección física de Landrúa Padró, quien era una de las codueñas de la Parcela Núm. 9 y parte demandada en el pleito. Añadió que, una vez recibiera dicha información, procedería de inmediato a emplazarla.

Luego, el 9 de octubre de 2025, Rodríguez Martínez presentó una *Moción en Solicitud de Expedición de Emplazamiento*, en la cual indicó que, tras recibir la contestación al interrogatorio cursado al Sr. Henry Michael Páez, advino en conocimiento de la dirección física de Landrúa Padró, quien no había sido emplazada por desconocerse previamente su dirección. En consecuencia, solicitó al tribunal que ordenara a la Secretaría la expedición del emplazamiento correspondiente.

El 20 de octubre de 2025, notificada el 23 de octubre de 2025, el foro primario emitió una *Orden* instruyendo a la Secretaría del Tribunal a expedir el emplazamiento. En cumplimiento, en esa misma fecha, la Secretaría procedió a expedir el emplazamiento dirigido a Landrúa Padró.

El 28 de octubre de 2025, los demandados instaron una *Solicitud de Desestimación de Demanda, por Falta de Jurisdicción.* Señalaron que la demanda fue radicada el 19 de junio de 2025 y que los emplazamientos se expidieron el 20 de junio de 2025, fecha a partir de la cual comenzó a decursar el término para diligenciarlos, a fin de que el tribunal adquiriera jurisdicción sobre las partes. Sostuvieron que el término para emplazar a Landrúa Padró venció, de forma fatal e improrrogable, el día 17 de octubre de 2025. Por

ello, solicitaron la desestimación del pleito por incumplimiento con la Regla 4.3(c) de Procedimiento Civil, *supra*.

Más adelante, el 1 de diciembre de 2025, Rodríguez Martínez presentó su *Moción en Oposición a Solicitud de Desestimación*. En síntesis, argumentó que el término de ciento veinte (120) días contados a partir de la fecha en que se presenta la demanda, según dispuesto en la Regla 4.3 de Procedimiento Civil, aplicaba únicamente cuando los emplazamientos se someten, para su expedición, conjunta y coetáneamente con la demanda y son expedidos por la Secretaría del Tribunal en dicho momento. Sostuvo que dicha disposición no debe aplicarse a casos en los que no se incluyó el emplazamiento al momento de presentarse la demanda, por carecer el demandante de la información necesaria sobre la dirección de la persona que se intenta emplazar o por desconocer la identidad de la persona demandada. Afirmó que, en el caso de Landrúa Padró, el término para emplazar comenzó a transcurrir desde la expedición del emplazamiento el 23 de octubre de 2023.

Además alegó que los demandados ya emplazados carecían de legitimación activa para solicitar la desestimación total del pleito por la falta de emplazamiento de otra parte. Señaló que el tribunal tenía jurisdicción sobre los demandados y que la reclamación podía continuar en sus contras. De manera que, aun si procediera la desestimación, tal determinación judicial solamente le aplicaría a Landrúa Padró y no a los demás demandados emplazados.

El 10 de diciembre de 2025, Rodríguez Martínez presentó una *Moción en Solicitud de Emplazamiento por Edicto*. Acompañó su petitorio de una declaración jurada del emplazador, quien indicó haber realizado múltiples gestiones infructuosas para emplazar a Landrúa Padró, alegando que esta se ocultaba para evitar ser emplazada.

Así las cosas, el 12 de diciembre de 2025, el foro primario emitió la *Sentencia* que hoy revisamos. Mediante el referido dictamen, el tribunal desestimó sin perjuicio la totalidad del pleito. Fundamentó su decisión en el incumplimiento con la Regla 4.3(c) de Procedimiento Civil, *supra*. El foro apelado indicó que el término de ciento veinte (120) días para diligenciar el emplazamiento vencía el 17 de octubre de 2025, día en que Rodríguez Martínez solicitó que se expidiera el emplazamiento a Landrúa Padró, y que este optó por no utilizar mecanismos de descubrimiento de prueba previos a la presentación de la demanda para identificar la dirección de Landrúa Padró. Razonó que dicho curso de acción no tuvo el efecto de extender el término para emplazar provisto por la Regla 4.3 de Procedimiento Civil, pues el mismo es improrrogable. Por consiguiente, concluyó que, al momento de solicitar el emplazamiento por edicto, el 10 de diciembre de 2025, el término para emplazar a Landrúa Padró ya había vencido y, dado a que esta era una parte indispensable, procedía la desestimación total del pleito.

En desacuerdo, el 12 de enero de 2026, el apelante compareció ante *nos* mediante *apelación* alegando la comisión del siguiente error:

> ERRÓ EL TPI AL DICTAR UNA SENTENCIA QUE DESESTIMÓ EL PLEITO EN SU TOTALIDAD A PESAR DE QUE LA ACCIÓN CIVIL INCOADA EN ESTE CASO PUEDE CONTINUAR SU CURSO ENTRE LAS PARTES QUE HAN COMPARECIDO EN EL CASO.

Posteriormente, el 19 de enero de 2026, el apelante instó una *Moción en Auxilio de Jurisdicción [...]* mediante la cual solicitó que se le ordenara a la parte apelada cesar y desistir de construir las columnas de concreto donde pretendían cimentar el portón hasta tanto el tribunal adjudicara la reclamación y, en consecuencia, la legalidad de la instalación del portón.

Luego de evaluar tanto el recurso de apelación como la *Moción en Auxilio de Jurisdicción* este Tribunal emitió una *Resolución* declarando *no ha lugar* a la misma. Además, le concedimos un término de veinte (20) días a la parte apelada para presentar su escrito en oposición al recurso. En cumplimiento con nuestra directriz, el 28 de enero de 2026, la parte apelada presentó su *Alegato de la Parte Apelada*.

Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A. Emplazamiento**

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Así, el emplazamiento representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Íd.* De esta forma, la parte demandada tiene la oportunidad de ejercer su derecho a comparecer y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 30 (2014). Por esto, a los demandados les asiste el derecho de ser emplazados conforme a derecho. *Pérez Quiles v. Santiago Cintrón, supra*, pág. 384.

Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal. *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017).

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de Procedimiento Civil,

32 LPRA Ap. V. En particular, dicho precepto legal establece que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de Procedimiento Civil, 32 LPRA Ap. V. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V. En caso de que transcurra el referido término de 120 días y este no se diligencie, el tribunal deberá dictar una sentencia en la que decrete su desestimación y archive sin perjuicio del caso ante su consideración. *Íd.*

Ahora bien, para determinar cuándo comenzar a computar el referido término, nuestro máximo Foro señala que "el término de 120 días para emplazar comienza a transcurrir cuando la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante". *Pérez Quiles v. Santiago Cintrón, supra*, pág. 388.

Durante estos procesos, aunque la Secretaría tiene el deber de expedir los emplazamientos el mismo día de la presentación de la demanda, el demandante tiene el deber de gestionar que esta expida el emplazamiento a tiempo. *Bco. Des. Eco. v. AMC Surgery,* 157 DPR 150, 154 (2002). En estos casos, el demandante no puede presentar una demanda y esperar que el secretario prepare y expida los emplazamientos correspondientes. *Íd.* Cónsono con esto, el caso de *Pérez Quiles v. Santiago Cintrón, supra,* reconoce que mientras la Secretaría no expida el emplazamiento, la parte demandante no tiene nada que diligenciar. No obstante, cabe señalar que, ante un retraso irrazonable por parte de la Secretaría en la expedición de los

emplazamientos, la parte demandante deberá evidenciar que no se cruzó de brazos. *Íd.,* pág. 386.

Asimismo, nuestro máximo Foro ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. *Torres Zayas v. Montano Gómez et als., supra,* pág. 468. Véase, además, *Quiñones Román v. Cía ABC,* 152 DPR 367, 374 (2000). Ello, pues, "[e]l emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal. *Rivera v. Jaume,* 157 DPR 562, 579 (2002).

### B. Parte indispensable

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone lo atinente a la acumulación de una parte indispensable. En específico, la referida regla establece que: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada".

Cónsono con lo anterior, una parte indispensable se ha definido como:

> [A]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia. *Cirino González v. Adm. Corrección et al., supra,* pág. 46.

En esencia, la precitada regla pretende: (i) proteger las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso; (ii) emitir una determinación completa; y (iii) evitar la multiplicidad de pleitos. *Cirino González v. Adm. Corrección et al., supra,* pág. 46; *Rodríguez Rodríguez v. Moreno Rodríguez,* 135 DPR 623, 627-628 (1994).

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, al tenor de las particularidades de cada caso. *García Colón et al. v. Sucn. González*, 178 DPR 527, 549-550 (2010). En ese sentido, el tribunal deberá evaluar los intereses involucrados y distinguir entre los diversos géneros de casos. *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 434 (2003). Ello "exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad". *Íd.*, citando a *Sánchez v. Sánchez*, 154 DPR 645, 678 (2001). A su vez, deberá examinar si el tribunal "podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007); J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1era ed. rev., 2012, págs. 139-141.

Dado a la importancia de una parte indispensable, el hecho de no acumularla podría conllevar la desestimación del pleito. *Cirino González v. Adm. Corrección et al.*, *supra*, 46-47. Ahora bien, no significa que se desestimará la causa de acción automáticamente. Ante esa circunstancia, el tribunal puede brindarle la oportunidad a una parte de traer a la parte omitida, siempre que pueda asumir jurisdicción sobre ésta. *Íd.* La falta de parte indispensable en un pleito es una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso. *Inmob. Baleares et al. v. Benabe et al.*, 214 DPR 1109, 1121 (2024); *Watchtower Bible et al. v. Mun. Dorado I,* 192 DPR 73, 118 (2014); *Romero v. SLG Reyes*, 164 DPR 721, 733 (2005). Asimismo, los foros apelativos, deben levantar a instancia propia la falta de parte indispensable, debido a que esta incide sobre la jurisdicción del tribunal. *Íd.*

En fin, lo verdaderamente transcendental es que la ausencia de una parte indispensable priva de jurisdicción al tribunal. *García*

*Colón et al. v. Sucn. González*, 178 DPR 527, 550 (2010). Como corolario, "la sentencia que se emita en ausencia de parte indispensable es nula". *Íd.*; *Unysis v. Ramallo Brothers*, 128 DPR 842, 859 (1991).

**III.**

En el caso ante *nos*, el apelante sostiene que erró el foro primario al dictar una sentencia mediante la cual desestimó el pleito en su totalidad, a pesar de que la acción civil incoada podía continuar su curso entre las partes que habían comparecido en el mismo. Puntualiza que basta con examinar la *demanda* y los remedios solicitados para advertir que no se trata de una acción *in rem*, en la cual estarían involucrados los derechos dominicales de los copropietarios de la finca objeto del litigio, sino de una acción *in personam*, mediante la cual únicamente solicita que se ordene el cese de los efectos de la conducta de algunos de los copropietarios que obstruyeron el acceso a un camino público. Reitera que en el pleito de epígrafe no es necesario dirimir los derechos dominicales de los comuneros, toda vez que sus cuotas y derechos no están en controversia. Según sostiene, lo único que se encuentra en disputa es la posesión inmediata sobre el camino que los apelados se arrogaron al instalar un portón y una verja sobre lo que alega es un camino público.

De igual forma, argumenta que los apelados, en su carácter de comuneros, están obligados a proteger los intereses de la comunidad y facultados para salvaguardar los derechos posesorios y de uso sobre el inmueble. Por consiguiente, aduce que basta con la comparecencia de estos en el pleito para dilucidar si el portón y la verja deben ser removidos por constituir una obstrucción a su acceso a dicho camino. Finalmente, plantea que la defensa de los derechos posesorios involucrados en la conducta de los apelados constituye un acto de administración por parte de los comuneros,

por lo que resulta innecesario el concurso de todos los copropietarios.

Por su parte, los apelados enfatizan que el término para el diligenciamiento del emplazamiento a Landrúa Padró venció fatalmente, sin posibilidad de prórroga, el 17 de octubre de 2025. Argumentan, además, que si Rodríguez Martínez, pudiendo someter el emplazamiento de Landrúa Padró para su expedición al momento de presentar la demanda, no realizó dicha gestión, no puede beneficiarse de su propia omisión e incumplimiento para evitar que comenzara a decursar el término de ciento veinte (120) días dispuesto por ley. Concluyen que, el foro primario actuó correctamente al dictar sentencia desestimando el pleito. Razonan que no cumplir con el mandato de la referida regla habría colocado al tribunal en riesgo de realizar actuaciones sin jurisdicción, lo que las tornaría nulas y carentes de eficacia jurídica.

A su vez, refutan el planteamiento del apelante en cuanto a que Landrúa Padró no es parte indispensable en el proceso y que se puede continuar el caso con la presencia de los demandados que comparecieron al pleito, señalando que se afectarían los derechos propietarios de todos los comuneros pues entre los remedios solicitados en la demanda está el reconocimiento de un derecho de servidumbre. Sostuvieron que, siendo ello un remedio que persigue la constitución de un gravamen que afecta sus derechos de dominio en relación a su predio de terreno, de tener éxito Rodríguez Martínez, tendría como consecuencia que su predio dejaría de ser uno libre de cargas y gravámenes, y se convertiría en uno sirviente, a merced del predio dominante perteneciente a Rodríguez Martínez. Así, puntualiza que Landrúa Padró tiene derecho a participar como parte indispensable del proceso pues sus derechos podrían resultar lacerados si no es viabilizada su participación formal en el proceso mediante el emplazamiento.

Nos corresponde determinar si el foro primario incidió al concluir que Landrúa Padró constituye una parte indispensable y, en consecuencia, si procedía la desestimación de la demanda ante la falta de su emplazamiento dentro del término dispuesto por ley. Para ello, debemos examinar si Landrúa Padró posee un interés tal en la controversia que impida la adjudicación de un decreto final entre las partes sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia. *Cirino González v. Adm. Corrección et al.*, *supra.*

Un análisis detenido de la demanda revela que el apelante no se limitó a solicitar la remoción de una obstrucción ni a reclamar daños por la alegada perturbación en el uso de un camino, sino que articuló expresamente causas de acción dirigidas al reconocimiento de una servidumbre de paso y a la obtención de una sentencia declaratoria sobre dicho derecho.[1] Así, la controversia planteada transciende el ámbito meramente posesorio o personal y se adentra en la esfera de los derechos reales, toda vez que la eventual concesión de los remedios solicitados conllevaría necesariamente la adjudicación de un gravamen sobre el predio en cuestión.

---

[1] Por su pertinencia, precisa citar textualmente un extracto de la demanda de epígrafe:

33. Mediante esta Primera Causa de Acción, el **Dr. Rodríguez-Martínez le solicita**, muy respetuosamente, al Honorable Tribunal que, **a tenor con las disposiciones de la Regla 59 de las Reglas de Procedimiento Civil, emita una Sentencia Declaratoria**, a los efectos de declarar lo siguiente: […]

g. Que el Camino los Bambúes, de por sí, in rem y por su origen, constituye una servidumbre de paso voluntaria [pues se constituyó para dar acceso a la vía pública a las parcelas segregadas que componen la Urbanización Villas de Guavate], continua, positiva, real y aparente, a favor de todas las parcelas y lotes segregados que componen las Urbanización Villas de Guavate, por lo que tal servidumbre no puede ser limitada u obstaculizada por los Demandados o utilizada por éstos para su único beneficio.

h. **Declare que el Dr. Rodríguez-Martínez**, como dueño de la Parcela Núm. 8 de la Urbanización Villas de Guavate, tiene un **derecho de servidumbre de paso a su favor**, para utilizar el Camino los Bambúes a todo lo ancho y largo de su extensión y, principalmente, en aquella parte de este último que colinda con la parte Norte de la Parcela Núm. 8.

En ese contexto, resulta ineludible concluir que cualquier determinación judicial sobre la existencia, alcance o validez de la alegada servidumbre incidiría directamente sobre los derechos dominicales de todos los copropietarios del inmueble, incluyendo a Landrúa Padró. Resolver la controversia en su ausencia no solo podría lesionar sus derechos propietarios, sino que también expondría el dictamen a inconsistencias futuras y atentaría contra los principios de equidad que rigen nuestro ordenamiento jurídico. Ello pues, sin la presencia de Landrúa Padró, las cuestiones litigiosas no pueden ser adjudicadas correctamente, ya que sus derechos quedarían igualmente afectados por la determinación judicial que en su día se emita. Por consiguiente, su participación en el pleito es indispensable.

Por otro lado, el argumento del apelante en cuanto a que la acción podía continuar exclusivamente contra los demandados comparecientes, por tratarse de un acto de administración de la cosa común, no nos resulta persuasivo. Si bien es cierto que los comuneros pueden, en determinadas circunstancias, realizar actos dirigidos a la administración y conservación de la cosa común sin la concurrencia de los demás comuneros, dicho principio no es de aplicación cuando lo que se persigue es la adjudicación de un derecho real que afecta el titulo de propiedad. En tales casos, la naturaleza del remedio solicitado exige la comparecencia de todos aquellos cuyos derechos podrían verse afectados por la sentencia.

Establecido que Landrúa Padró es una parte indispensable en el pleito, procede evaluar las consecuencias de su falta de emplazamiento dentro del término dispuesto por las Reglas de Procedimiento Civil. Surge del expediente que el apelante no diligenció oportunamente el emplazamiento dentro del término de ciento veinte (120) días provisto por la Regla 4.3 de Procedimiento Civil, *supra.*

Si bien el apelante arguye que nada impide que Landrúa Padró pueda ser acumulada como parte en el pleito, dicha omisión no puede ser subsanada mediante un emplazamiento tardío o ulterior en el transcurso del mismo pleito. El resolver de otra forma, equivaldría a crear un subterfugio a las Reglas de Procedimiento Civil, que permitiría emplazar por segunda vez dentro de un mismo pleito, y a crear un mecanismo indebido para extender un término que el legislador ha dispuesto como improrrogable. A su vez, permitir tal proceder minaría la certeza y finalidad que persiguen las normas procesales. Así pues, la demandada que no pudo ser emplazada porque se venció el término para ello, no puede ser traída al mismo pleito. Además, al esta ser parte indispensable en el pleito, lo que procede es la desestimación de la demanda.

Por tanto, la regla es clara cuando establece que transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Regla 4.3 de Procedimiento Civil, *supra*. Una subsiguiente desestimación y archivo por incumplimiento con el término dispuesto tendrá el efecto de una adjudicación en los méritos. *Íd.*

En suma, luego de un examen ponderado de la totalidad del expediente ante nuestra consideración, concluimos que la *Sentencia* es correcta en Derecho. El foro primario actuó correctamente al determinar que Landrúa Padró es una parte indispensable y al desestimar la demanda ante el incumplimiento con el término para su emplazamiento. Por consiguiente, colegimos que no se cometió el error señalado por el apelante.

**IV.**

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada.

La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones